FILED

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2016 FEB 10  AM 10: 22

AWILDA BAEZ,

      **Plaintiff,**

v.                           **Case No.:** 6:16-CV-223-ORL-37-DAB

PAYLESS SHOESOURCE, INC.,

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AWILDA BAEZ, by and through undersigned counsel, brings this action against Defendant, PAYLESS SHOESOURCE, INC. ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4.     Plaintiff is a resident of Osceola County, Florida.

5.     Defendant is authorized to do business, and doing business in Orange County, Florida. Specifically, Defendant is a foreign corporation headquartered in Missouri and

operates a shoe stores throughout the continental United States, including store #3260 in Orlando, Florida.

## GENERAL ALLEGATIONS

6.    Plaintiff has satisfied all conditions precedent, or they have been waived.

7.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.    Plaintiff requests a jury trial for all issues so triable.

9.    At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10.    At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.    Defendant continues to be an "employer" within the meaning of the FLSA.

12.    At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13.    At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14.    At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15.    At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

16.   Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; she had no special or professional qualifications and skills for the explicit use of which she was employed by Defendant; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

17.   Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

18.   At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

19.   Plaintiff worked for Defendant from November 1994 until October 2015.

20.   From July 2014 to October 2015, Plaintiff held the position of store leader at store #3260 in Orlando, Florida and was a salaried employee.

21.   At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

22.   Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

23.   Defendant misclassified Plaintiff as exempt under the FLSA.

24.   In the course of her daily work with Defendant, Plaintiff spent the majority of her time performing the same non-managerial tasks as the associate store employees of

Defendant who worked in Store #3260. Specifically, Plaintiff assisted customers, took inventory, and arranged the appearance of Store #3260.

25.     Thus, Plaintiff was not an exempt employee under the FLSA and was entitled to be compensated for all of the overtime hours that she had worked.

26.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

<u>**COUNT I – FLSA OVERTIME VIOLATION**</u>

27.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

29.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c)     An equal amount to Plaintiff's overtime damages as liquidated damages;

4

d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)    All costs and attorney's fees incurred in prosecuting these claims; and

g)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5 day of February, 2016.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: mkimbrough@wfclaw.com
**Attorneys for Plaintiff**

5