**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

AWILDA BAEZ,

        Plaintiff,

v.                                           Case No. 6:16-cv-223-Orl-37DAB

PAYLESS SHOESOURCE, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the Plaintiff's Notice of Settlement (Doc. 12), filed March 24, 2016.

After a defendant has filed an answer, an action may not be dismissed absent: (1) filing of a "stipulation of dismissal signed by all parties who have appeared" (Fed. R. Civ. P. 41(a)(1)(A)(ii)); or (2) a court order (Fed. R. Civ. P. 41(a)(2)). Further, in the courts of the U.S. Court of Appeals for the Eleventh Circuit, agreements to compromise a claim asserted under the Fair Labor Standards Act ("**FLSA**") are unenforceable unless they are approved by a district court or the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

On February 10, 2016, Plaintiff Awilda Baez filed this FLSA action against Defendant Payless Shoesource, Inc. (Doc. 1.) Defendant answered (Doc. 10), and the Court entered a Scheduling Order (Doc. 11). Approximately two weeks later, Plaintiff unilaterally filed a Notice of Settlement in accordance with Local Rule 3.08(a). (Doc. 12.) Because this is an FLSA action and Defendant filed an Answer, this action cannot be dismissed or closed based on the Notice of Settlement.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. On or before **May 6, 2016**, Plaintiff shall move for settlement approval. Any written agreement or memorialization of the terms of the settlement must be attached to the motion. The motion also must:

    (a) establish the range of the potential recovery (*i.e.*, identify an estimate of the Plaintiff's respective hourly wages and the number of unpaid hours worked);

    (b) confirm that the attached agreement includes every term and condition of the parties' settlement (*i.e.*, confirm the absence of any side deal(s));

    (c) if the agreement involves a compromise of an FLSA claim (in other words, if the Plaintiff either receives less than the full compensation claimed for unpaid wages, liquidated damages, and attorney's fees, or agrees to any term other than a release of the FLSA in exchange for full compensation, promptly paid), then identify the bona fide dispute or disputes resolved by the compromise and state the reason(s) for the compromise; and

    (d) either: (i) demonstrate the reasonableness of any proposed attorney's fees using the lodestar approach, or (ii) represent that the parties agreed to the Plaintiff's attorney's fees separately and without regard to the amount paid to settle the FLSA claim.

(2) If Plaintiff does not move for approval of the settlement agreement in accordance with the above Paragraph 1, then on or before **May 6, 2016**, the Plaintiffs shall move for dismissal under Federal Rule of Civil Procedure 41(a)(2) **and** shall show good cause why the Court should dismiss this action despite the lack of a judicially-supervised settlement.

(3) Failure to comply with the requirements of this Order in the time prescribed may result in the imposition of sanctions in accordance

with Federal Rule of Civil Procedure 16(f)(1)(C).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 21, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Magistrate Judge Baker